UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

IBRAHIM KHOLIL PETITIONER

VERSUS CIVIL ACTION NO. 5:26-CV-205-DCB-RPM

WARDEN R. VERGARA RESPONDENT

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Ibrahim Kholil's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a motion to dismiss based on Petitioner's subsequent removal from the United States. At the time he filed his petition on March 23, 2026, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He is a native and citizen of Bangladesh who entered the United States in 2024. An immigration judge ordered his removal on July 23, 2025. He did not appeal; therefore, his removal order became final thirty days later—on August 24, 2025. Respondent advises that on June 12, 2026, Petitioner was removed from the United States. According to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[1] Petitioner has not filed a response to the motion to dismiss.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

**RECOMMENDATION**

The undersigned recommends that Respondent's [10] Motion to Dismiss be GRANTED and that Petitioner Ibrahim Kholil's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to

the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE